UNITED STATES of America and Donald M. Cerra, Special Agent of the Internal Revenue Service, Petitioners-Appellees,

v.

John L. BEATTIE, Jr., Respondent-Appellant.

No. 1305, Docket 75–6041.

United States Court of Appeals, Second Circuit.

Sept. 13, 1976.

Sydney R. Rubin, Rochester, N. Y., for respondent-appellant.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jr., Robert E. Lindsay, Daniel F. Ross, Attys., Tax Div., Dept. of Justice, Washington, D. C. (Richard J. Arcara, U. S. Atty., W. D. N. Y., Buffalo, N. Y., of counsel), for petitioners-appellees.

Before MOORE, FRIENDLY and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

Our opinion in this case, filed on August 18, 1975, 522 F.2d 267, generally affirmed an order of the District Court for the Western District of New York enforcing an Internal Revenue Service summons directing taxpayer Beattie despite his claim of self-incrimination to produce various papers described in the summons, 522 F.2d at 268, which papers he had retrieved from his accountant, Arthur Robeson.[1] We held, however, 522 F.2d at 279, that

Insofar as the summons requests copies of any communications between Beattie and Robeson, it should not be enforced, and we modify the order to so provide.

Both Beattie and the Government petitioned for certiorari. After rendering its decisions on the closely related problem raised in *Fisher v. United States* and *United States v. Kasmir*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), the Court on May 19, 1976, 425 U.S. 967, 970, 96 S.Ct. 2163, 2165, 48 L.Ed.2d 791, 793, denied Beattie's petition for certiorari but granted the Government's and remanded the case to this court for further consideration in light of the cited decisions. On July 1, 1976, we entered an order reciting that we thought it apparent that the only issue the Court desired us to reconsider was the point we had "decided against the Government, namely, the modification of the order to exclude copies of any communications between Beattie and Robeson." We invited the parties to submit memoranda on that issue.

The *Fisher* summons had not demanded copies of correspondence, 425 U.S. at ——, 96 S.Ct. at 1572. The summons in *Kasmir* sought, *inter alia*, "[r]etained copies of reports and other correspondence" between the accountants and the taxpayer. While the Court ordered this portion of the summons enforced along with the rest, it made the following caveat, 425 U.S. at 413 n. 13, 96 S.Ct. at 1582 n. 13:

In seeking the accountant's "retained copies" of correspondence with the taxpayer in *[Kasmir]*, we assume that the summons sought only "copies" of original letters sent from the accountants to the taxpayer—the truth of the contents of which could be testified to only by the accountant.

 *Kasmir* shows that so much of our previous decision as refused enforcement of the summons with respect to Robeson's retained copies of letters from him to Beattie was in error. The open question is whether the same conclusion follows with respect to letters from Beattie to Robeson of which Beattie had regained possession. That point was not at issue and consequently was not decided in *Fisher* or *Kasmir*, as the quoted footnote underlines. We think the rationale of the Court's opinion calls for upholding the privilege as to the taxpayer's

---

1. The description was as follows:

All original workpapers of Arthur Robeson, C.P.A. which are in your possession and were used in the preparation of Form 1040 U. S. Individual Income Tax Return of John L. Beattie, Jr. and Margaret Beattie for the years 1968, 1969, 1970, 1971 and 1972 consisting of but not limited to the following: trial balances, balance sheet, adjusting entries, closing entries, workpapers, notes, memorandums and any correspondence used in the preparation of the aforementioned returns.

own letters—unless, as the Government has not argued and the Court has not decided, —— U.S. at ——, 96 S.Ct. at 1582, the Fifth Amendment does not "shield the taxpayer from producing his own tax records" repossessed from an accountant.

 By producing his own letters to the accountant, the taxpayer would be authenticating them as fully as if he were producing his retained copies. We do not read *Fisher* and *Kasmir* as detracting from the principle that the Fifth Amendment protects against compulsory production of a paper written by an accused with respect to his own affairs, contrast *Wilson v. United States*, 221 U.S. 361, 378, 31 S.Ct. 538, 55 L.Ed. 771 (1911), and now in his possession, even though he may have previously sent it to another with the expectation that the latter would retain it.

We therefore modify our previous order so that the summons will be enforced except with respect to any memoranda or correspondence from Beattie to Robeson.