**UNITED STATES of America**

v.

**Leo KARP et al., Defendants.**

**No. 79 Cr. 722.**

United States District Court,
S. D. New York.

Feb. 7, 1980.

158

Robert B. Fiske, Jr., U. S. Atty., New York City, for plaintiff; Rhea Kemble Neugarten, Asst. U. S. Atty., New York City, of counsel.

Harvey R. Poe, Livingston, N. J., for defendant Karp.

Charles Haydon, New York City, for defendant Rugen.

Kalman V. Gallop, New York City, for defendant Freilich.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

The defendant is charged with conspiracy to defraud the Internal Revenue Service by creating fictitious business transactions to be used by other taxpayers. It is essential to the government's case to establish that these transactions were in fact fictitious. Among other things, the government will wish to prove that they are supported by no valid documentation. In this context, the government asks us to compel the defendant Karp to honor a subpoena duces tecum calling for the production of all invoices and other documents defendant now has in his possession, which have been prepared by or received from third parties and which relate to the operation of defendant's .business.

Citing *Fisher v. United States* (1975) 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39; *United States v. Beattie* (2d Cir. 1975) *as modified* (1976) 541 F.2d 329; and *In the Matter of Special Grand Jury No. 1* (D.Md.1978) 465 F.Supp. 800; the government urges that since the documents in question would have been created by persons other than the defendant, and since they would therefore not be admissible in evidence unless authenticated by persons other than the defendant, the defendant cannot successfully invoke the Fifth Amendment to excuse him from producing them.

As we read the tea leaves, the Fifth Amendment is destined to be all but eliminated in the area of subpoena duces tecum unless such subpoenas are personally intrusive and call for the production of purely private documents such as diaries, personal letters, etc. However, this erosion has not, in our view, progressed to a point where we may compel the defendant to honor the present subpoena.

The crucial question in this case is: What would happen if the defendant should fail to produce the documents in the face of

our order that he do so, and the government should then move to punish him for contempt? Assuming (as we actually believe to be the case) that the documents do not exist, the only way the defendant could avoid the risk of being jailed for contempt would be to assert their nonexistence, which is precisely the fact that the government wishes to establish at trial.[1] This circumstance clearly distinguishes the authorities on which the government relies. For example, it was wholly immaterial to the prosecution involved in *In the Matter of Special Grand Jury, supra*, whether or not the defendant had ever possessed the "settlement records authored by others, the escrow bank books, other savings bank books and the bank statements," (465 F.Supp. at 808) which the government was seeking. It was the content of those documents that was important to the government, not the defendant's possession (or non-possession) of them. Consequently, had he been unable to produce the documents because he did in fact not possess them, he could have so testified without in any way enhancing the probability of his being convicted of any crime. Defendant Karp, on the other hand, would be faced with the option of incriminating himself through his testimony of non-possession or being held in criminal contempt.[2] It is a purpose of the Fifth Amendment to avoid this dilemma. Therefore, we deny the government's motion to compel the defendant to produce third-party documents now in his possession, and quash the subpoena.

SO ORDERED.

---

[1] The suggestion we made during oral argument that the defendant could avoid this dilemma by making the assertion through his counsel is untenable. The attorney's knowledge of the existence or non-existence of the documents could have no source but confidential communications from his client.

[2] The mere fact that defendant's denial of possession would not be admissible at trial does not abrogate his Fifth Amendment right. At the very least, his denial would permit the government in its opening statement to the jury to assert with confidence that such documents did not exist and that the defendant would be unable to produce them.