UNITED STATES of America and Richard J. Collery, Special Agent, Internal Revenue Service, Petitioners,

v.

SNEEKY THEEF RECORDS, INC., and Johanan Vigoda, individually and as President of Sneeky Theef Records, Inc., Respondents.

Misc. No. 504.

United States District Court, N. D. New York.

Sept. 3, 1981.

George H. Lowe, U. S. Atty., N. D. N. Y., Albany, N. Y., Silets & Martin, Ltd., Chicago, Ill., for respondents.

Gerald C. Miller, Trial Atty., Tax Division Dept. of Justice, Washington, D. C., Harvey M. Silets, Royal B. Martin, Jr., Shelly B. Kulwin, Chicago, Ill., for petitioners.

MEMORANDUM–DECISION and ORDER

JAMES T. FOLEY, District Judge.

The United States of America and Richard J. Collery, Special Agent of the Internal Revenue Service (IRS) filed a petition in the above proceeding on June 15, 1981, for an order directing the respondents, a corporation and its President, Johanan Vigoda, who is also named individually, to show cause why said respondents should not be compelled to obey IRS summonses served upon them. This order to show cause was personally served upon the respondents, Sneeky Theef Records, Inc. and Johanan Vigoda on June 23, 1981. At this time the order to show cause was not served upon the law firm of Silets and Martin, who represented respondent Vigoda in many other summons enforcement proceedings.

On July 9, 1981, the petitioners served a motion seeking an order granting enforcement of the summonses on the basis of the pleadings or in the alternative, by default judgment. On the return date of the order

to show cause, July 20, 1981, the respondent Vigoda appeared without counsel and requested a continuance of the return date until August 10, 1981. This request was granted. On August 6, 1981, the respondent, through his attorneys, filed a response to petitioners' motion. On August 10, 1981, during oral arguments on the petition in Chambers, the government agreed that the response of the respondents would be deemed the answer in the summons enforcement proceedings. At that time, the motion for a default judgment was withdrawn.

The summonses sought to be enforced were issued by Special Agent Collery in connection with the investigation to determine the correctness of the taxpayer's 1974, 1975, 1976 and 1977 income tax returns and liabilities. Originally the respondent was to appear before a Special Agent in Los Angeles, California. At the request of respondents' counsel, the time and place to appear was changed to New York City, New York. On June 6, 1980, Vigoda appeared at the offices of the Internal Revenue Service in New York City, but failed to testify, or to produce books, records, papers and other data demanded by either of the two summonses served upon him.

The summons served on Vigoda in his individual capacity requested:

Workpapers, memoranda, correspondence and any and all other records and documents prepared by the accounting firm of Teichner-Swerlin in connection with the preparation of your Federal and State income tax returns for the years 1974, 1975, 1976 and 1977.

The summons directed towards Vigoda as President of Sneeky Theef Records, Inc. requested:

1. Workpapers, memoranda, correspondence and any and all other records and documents prepared by the accounting firm of Teichner-Swerlin in connection with the preparation of the Federal and State corporate income tax returns of Sneeky Theef Records, Inc. . . .

2. All bank statements, cancelled checks, deposit tickets, savings account passbooks and certificates of deposit pertaining to any and all accounts maintained by Sneeky Theef Records, Inc. during the period 7/1/73 through 5/30/78.

3. All contracts entered into by Sneeky Theef Records, Inc. during the period 7/1/73 through 6/30/78.

The several petitions and accompanying affidavits of Special Agent Collery state that the testimony sought is essential to a correct determination of the tax liabilities of the individual taxpayer; that no recommendation for prosecution has been made by the Service to the Department of Justice; and, that the testimony and the books, records, papers and other data sought by the summonses are not already in the possession of the IRS.

Respondents' answer contains four separate defenses to the enforcement of the summonses. The defenses are that there was improper service because their counsel was not served with the order to show cause; that there is no subject matter jurisdiction or personal jurisdiction in this district; that the Fifth Amendment privilege against self-incrimination is a bar to enforcement of the summonses; and that some of the material sought in the summonses is already in the possession of the Internal Revenue Service. The petitioners seek the enforcement of the summonses with modification by this court. They seek to have the summons served on Sneeky Theef Records, Inc., to include the period July 1, 1973 to June 30, 1978 for materials reflecting transactions with banks and other financial institutions. The summons as served requests these items only through May 30, 1978.

## DISCUSSION

The respondents' first defense is directed towards the motion for a default judgment. Since petitioners no longer seek a default judgment, respondents' defense that their counsel was not served need no longer be considered. Furthermore, a continuance was granted by this court so that respondents' counsel could be served and after service, respondents' counsel filed a re-

sponse to the petition to enforce the summonses.

■ The respondents' second defense to the enforcement of these summonses is that this court does not have personal or subject matter jurisdiction over the respondents. The respondents claim that since the summonses were served in the Central District of California, only the district court in that district has jurisdiction to enforce the summonses.

Title 26 U.S.C. §§ 7402(b), 7604(a), (b) are the sections that respondents rely upon for their defense of lack of personal and subject matter jurisdiction. Section 7402(b) states:

> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers or other data.

Section 7604(a) contains similar language as section 7402(b) cited above. Section 7604(b) reads in pertinent part:

> Whenever any person summoned under section ... 7602 neglects or refuses to obey such a summons ... the Secretary may apply to the judge of the district court ... for the district within which the person so summoned resides or is found for an attachment against him as for a contempt.

The respondents claim that the most reasonable reading of these sections is that they grant subject matter jurisdiction to the district court of the district where the summons was served in a summons enforcement proceeding. In the alternative, respondents claim that this court lacks personal jurisdiction because the summonses were served in another district. In my judgment, both these arguments are incorrect. Under the statutes in question, jurisdiction for enforcement of an IRS summons is clearly given to the district court where the taxpayer is found or where he resides. In this instance, Mr. Vigoda is a resident of the Northern District of New York, and Sneeky Theef Records, Inc., is at the very least doing business in this district and many of their records can be found here. Therefore, in my judgment, there is both subject matter and personal jurisdiction over the respondents, notwithstanding the fact that the respondents were served with the IRS summonses in the Central District of California.

Respondent Vigoda, individually and as president of Sneeky Theef Records, Inc., also asserts his Fifth Amendment privilege against self-incrimination as a defense in this proceeding. Both summonses request that the respondent produce the "workpapers, memoranda, correspondence" and all other records prepared by respondents' accountants, the firm of Teichner-Swerlin. Respondent claims that this would violate his right against self-incrimination due to the fact that these papers, although prepared by his accountant, were always his personal property through an agreement between him and his accountant. Respondent Vigoda has produced his own affidavit and the affidavit of George Teichner of the accounting firm of Teichner-Swerlin, which state that the agreement was that all papers prepared by the accounting firm would be held by them only for such time as was necessary to prepare respondents' tax returns and that these papers were then to be delivered to respondent as his own personal property. The petitioners, on the other hand, assuming arguendo that respondent Vigoda is the owner of the accountants' records and workpapers relating to his tax liability, contend that Vigoda's privilege against self-incrimination does not protect these papers from production. For the reasons stated hereinafter, it is the position of the petitioner which I conclude is correct in these circumstances.

■ The issue of whether the corporate records prepared by an accountant in the possession of a representative of the corporation are protected by the Fifth Amendment, is settled. The privilege against self-incrimination does not extend to the records or documents of a corpora-

tion or association. *In re Grand Jury Subpoena Duces Tecum v. United States*, 657 F.2d 5 (2d Cir. 1981) *citing, Bellis v. United States*, 417 U.S. 85, 88, 94 S.Ct. 2179, 2183, 40 L.Ed.2d 678 (1974); *United States v. White*, 322 U.S. 694, 699–701, 64 S.Ct. 1248, 1251–52, 88 L.Ed. 1542 (1944); *Grant v. United States*, 227 U.S. 74, 79–80, 33 S.Ct. 190, 192, 57 L.Ed. 423 (1913); *Wheeler v. United States*, 226 U.S. 478, 490, 33 S.Ct. 158, 162, 57 L.Ed. 309 (1913); *Wilson v. United States*, 221 U.S. 361, 377–78, 31 S.Ct. 538, 543, 55 L.Ed. 771 (1911). *See United States v. Intergold Corp.*, 39 A.F.T.R. 505, 507 (N.D.N.Y.1976). The Fifth Amendment is inapplicable to corporate records notwithstanding that they are possessed by a corporate president or another custodian and no matter whether these corporate records incriminate the corporate officer or are part of an investigation of a corporate officer of the corporation itself. *Bellis v. United States, supra*, 417 U.S. at 90, 94 S.Ct. at 2184. Respondent Vigoda's claim that he owns the workpapers and memoranda prepared by the accountant, which are requested in the summons directed to him as president of the corporation, does not make these papers protected by his Fifth Amendment rights. The privilege against self-incrimination is personal, and it cannot be invoked to protect corporate records.

The respondents rely on the opinion in the case of *United States v. Coratti*, 47 A.F.T.R. 81–892 (N.D.N.Y.1981), *appeal dismissed*, No. 81–6047 (2d Cir. May 26, 1981), for the proposition that the Fifth Amendment bars enforcement of the summons directed towards respondent as an individual taxpayer. In *Coratti*, the taxpayer gained possession of and title to the accountant's workpapers and memoranda after initiation of the tax investigation, and sought to protect them by asserting his right against self-incrimination. This court held, however, that these papers were not entitled to Fifth Amendment protection. Compliance with a summons directing the taxpayer to produce the accountant's documents involved no incriminating testimony within the protection of the Fifth Amendment. *United States v. Fisher*, 425 U.S. 391, 414, 96 S.Ct. 1569, 1582, 48 L.Ed.2d 39 (1976).

Respondents claim that the *Coratti* ruling impliedly held that if a taxpayer held actual title to the papers at all times, although written and prepared by his accountant, that it would be compelled testimonial incrimination to require him to produce these writings. Even accepting Vigoda's assertion of ownership of the accountants workpapers and related memoranda as true, in my judgment the issue involved here does not merit a different outcome from the enforcement of the summons in the *Coratti* case. In the present circumstances, the taxpayer's right against self-incrimination is not violated by requiring him to turn over workpapers and memoranda prepared by the taxpayer's accountant. In *United States v. Beattie*, 522 F.2d 267 (2d Cir. 1975), *remanded*, 425 U.S. 967, 96 S.Ct. 2163, 48 L.Ed.2d 791 (1976), *modified*, 541 F.2d 329 (2d Cir.), an IRS summons enforcement case, the Second Circuit stated that when determining whether the Fifth Amendment protection applied to certain papers, the ownership of the papers was not material. It was the nature of the papers in the hands of the person asserting the privilege that was important. *United States v. Beattie*, 522 F.2d at 277. In this case, the summons requests only the papers prepared by the accountant which is the work product of an independent contractor. It should also be noted that the workpapers and records compiled by the accounting firm for their own use in preparing the taxpayer's tax returns, cannot be introduced against the taxpayer unless they were authenticated and explained by their author. It is for these reasons, that production of the accountants' workpapers, even if owned by the taxpayer, would not be compelled testimonial self-incrimination protected against by the Fifth Amendment.

In addition to accountants' workpapers, the summons directed towards Vigoda, as president of Sneeky Theef Records, Inc., seeks bank records of the corporation. As a defense to the enforcement of this summons, respondent claims that the IRS is

already in possession of many of these bank records. The affidavits attached to the government's petition to enforce the summonses deny that the IRS possesses any of the summoned information. The IRS has been granted enforcement of many bank summonses in regard to this taxpayer. *See United States v. Crans*, 517 F.Supp. 863, 48 A.F.T.R. 5187 (N.D.N.Y.1981); *United States v. Chemical Bank*, No. M–18–304 (S.D.N.Y. April 30, 1981); *United States v. Loretta Hawk*, No. 81–K–514 (D.Colo. May 14, 1981); and *United States v. Michigan National Bank*, No. 81–71746 (E.D.Mich. July 27, 1981). However, it should be noted that all but one of these bank summonses requested records in regard to respondent Vigoda as an individual taxpayer. Only one summons requested records regarding Vigoda as president of Sneeky Theef Records, Inc., as does the present summons.

In determining whether the IRS is already in possession of the summoned information and therefore to deny enforcement on these grounds, the standard set forth in *United States v. Davey*, 543 F.2d 996, 1000 (2d Cir. 1976), should be considered. The standard is whether the examination or investigation sought by the IRS is unnecessarily duplicative of some prior examination. In my judgment, the summons requesting the bank records of the corporation for a time period in excess of any of the bank summonses already enforced, should be enforced as not being unnecessarily duplicative. As the Fifth Circuit has stated, a summons should be enforced:

> [w]hen a summons as a whole is not harassing, when the bulk of the materials summoned is not demonstrably in the possession of the IRS, and where the marginal burden of supplying information which might already be in the possession of the IRS is small. . . .

*United States v. Davis*, 636 F.2d 1028 (5th Cir. 1981).

Petitioners' motion for an order modifying the scope of the summons so that it requests the bank records of Sneeky Theef Records, Inc. for the period 7/1/73 through 6/30/78 is granted. Under Title 26 U.S.C. § 7402(a), the district court has the power to modify the request in a summons, therefore this minor modification will be allowed.

## CONCLUSION

In summary, for the reasons set forth above, it is my judgment that the petition to enforce the IRS summonses against respondents must be and hereby is granted. Enforcement orders in accord with the rulings and modification herein are to be submitted by the government attorney for the petitioners.

It is so Ordered.